PETROPLUS, JUDGE:
The Claimant has filed a petition for re-hearing of the above-captioned case, setting forth three grounds for said petition:
1. The decision was contrary to the laws and undisputed facts governing the accident in question.
2. The Court assumed to be true factual situation upon which there was no evidence.
3. Uncontradicted facts were assumed to be untrue by the Court.
Rule 15 of the Rules of Practice and Procedure of the Court of Claims states that a motion for re-hearing may be entertained and considered ex parte, unless the Court otherwise directs. A re-hearing shall not be allowed except where good cause is shown.
The petition in effect requests a re-hearing of the case on its merits.
Although the Claimant’s attorney has filed a very persuasive Brief, the Court reiterates its position that even though it is assumed that *227 the storage of gravel on the highway constitutes negligence on the part of the Department of Highways, such negligence was not the proximate cause of the accident and the injuries sustained by the Claimant. The Claimant was faced with an obstruction which he knew existed on the berm of the road. It was obvious to him that he would necessarily have to walk around it on the traveled part of the highway. He also knew the dangers incidental to walking on a highway traversed by vehicular traffic approaching from both directions. It appears that he failed to take the precautions that a person of ordinary prudence would have taken to avoid being struck by automobiles using the highway at night.
For the foregoing reasons we affirm our decision that the Claimant was guilty of contributory negligence and voluntarily assumed the risks, and, therefore, the petition for re-hearing is denied.
Petition for re-hearing denied.